IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | I N D I C T M E N T |
| | ) | |
| | ) | Case No. _____ |
| v. | ) | |
| | ) | Violation: 21 U.S.C. § 846 |
| | ) | |
| GREGORY WAYNE NEWELL; | ) | |
| KRISTINA LARAE ERICKSON, | ) | |
| a/k/a KRISTI LARAE IMMEL; | ) | |
| BRIAN CARL ANDERSON, | ) | |
| a/k/a SLEEPY; | ) | |
| CAROL MARJORIE LANDER, | ) | |
| a/k/a CASSIE LANDER; and | ) | |
| ORLIN WALLACE PERDUE | ) | |

**Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance**

The Grand Jury Charges:

From on or between January 1, 2011, and December 31, 2012, in the Districts of North Dakota, Minnesota, and elsewhere,

GREGORY WAYNE NEWELL;
KRISTINA LARAE ERICKSON, a/k/a KRISTI LARAE IMMEL;
BRIAN CARL ANDERSON, a/k/a SLEEPY;
CAROL MARJORIE LANDER, a/k/a CASSIE LANDER; and
ORLIN WALLACE PERDUE

did knowingly and intentionally combine, conspire, confederate, and agree together and with others, both known and unknown to the grand jury, to possess with intent to distribute and distribute in excess of 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

<u>Overt Acts</u>

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. It was a part of said conspiracy that the defendants and others would and did possess with intent to distribute and did distribute in excess of 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, within the states of North Dakota, Minnesota, and elsewhere;

2. It was further a part of said conspiracy that the defendants and others would and did attempt to conceal their activities;

3. It was further a part of said conspiracy that the defendants and others would and did use telecommunication facilities; and

4. It was further a part of said conspiracy that the defendants and others would and did use United States currency in their drug transactions;

In violation of Title 21, United States Code, Section 846; <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946).

A TRUE BILL:

<u>/s/ Grand Jury Foreperson</u>
Foreperson

<u>/s/ Timothy Q. Purdon</u>
TIMOTHY Q. PURDON
United States Attorney

BMS:ld

2