IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| United States of America, | Criminal Case No. 3:13-cr-78-2 |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO VACATE UNDER 28 U.S.C. § 2255** |
| Kristina Larae Erickson, a/k/a Kristi Larae Immel, | |
| Defendant. | |

## INTRODUCTION AND SUMMARY OF DECISION

Before the court is Kristina Larae Erickson's ("Erickson") third Motion to Vacate under 28 U.S.C. § 2255.[1] Erickson asks that the court vacate her conviction, arguing that her guilty plea is invalid because of the government's policy of housing transgender inmates with other inmates who do not share the same biological sex. She asserts that this policy violates the Ex Post Facto Clause, the Contract Clause, and the Cruel and Unusual Punishment Clause of the Eighth Amendment. Because her claim is not cognizable under § 2255, Erickson's motion is **DENIED** and the action is **DISMISSED without prejudice**.

## BACKGROUND

On August 11, 2014, Erickson was sentenced to 264 months imprisonment after pleading guilty under a plea agreement to Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) and 846.[2] On June 12, 2015, she filed her first Motion to Vacate under 28 U.S.C. § 2255, asserting four

---

[1] Doc. #272, Third Mot. to Vacate.
[2] Doc. #201, Judgment.

1

claims of ineffective assistance of counsel.[3] On June 3, 2016, this court dismissed all her claims except one for which she was given time to file a supplement.[4] The remaining claim is still pending. On June 23, 2016, Erickson filed a second § 2255 motion under Johnson v. United States.[5] The court denied the Johnson motion on August 31, 2016.[6]

While the remaining claim in Erickson's first motion was still pending, the Bureau of Prisons issued the Transgender Offender Manual Program Statement ("the policy"). The policy details how prison officials should handle the initial designations of transgender inmates, citing 28 C.F.R. § 115.42(c): "In deciding whether to assign a transgender or intersex inmate to a facility for male or female inmates . . . the agency shall consider on a case-by-case basis whether a placement would ensure the inmate's health and safety, and whether the placement would present management or security problems."[7] Although the policy was not issued until January 18, 2017, the cited federal regulation was adopted fifteen years ago.[8]

Because of the policy, "male transgender inmates, who still possess their genital organs . . . are housed as women, placed in locked and unlocked housing units with the Movant, sharing showers, toilets, and other intimate facilities."[9] These housing placements have allegedly led to numerous instances of sexual harassment and assault on biologically

---

[3] Doc. #232, First Mot. to Vacate.
[4] Doc. #246, Order Denying Certain Claims re: First Mot. to Vacate and Allowing Suppl. on One Claim.
[5] Doc. #250, Second Mot. to Vacate.
[6] Doc. #256, Order Denying Second Mot. to Vacate.
[7] BUREAU OF PRISONS, 5200.04, TRANSGENDER OFFENDER MANUAL (Jan. 18, 2017), https://www.bop.gov/policy/progstat/5200.04.pdf (quoting 28 C.F.R. § 115.42(c)).
[8] United States v. Harper, No. 15-10155-01-JTM, 2017 U.S. Dist. LEXIS 117691, at *1 n.1 (D. Kan. July 27, 2017) (citing Department of Justice, National Standards to Prevent, Detect, and Respond to Prison Rape, 77 F.R. 37-106-01, 2012 WL 231.7028 (June 20, 2012)).
[9] Doc. #272, Third Mot. to Vacate 1.

2

female inmates by biologically male preoperative transgender inmates.[10] On July 24, 2017, Erickson filed the § 2255 motion now before the court, asserting that by issuing and implementing the policy, the government has "violated the Ex Post Facto Clause, the Contract Clause, and created a situation where the Movant's sentence is Cruel and Unusual Punishment."[11]

## DISCUSSION

Although this court has already considered and denied all claims in the two previous § 2255 motions brought by Erickson (except for the pending claim from her first motion), she asserts that "[t]his is not a successive petition because the claim did not become ripe until January 2017."[12] While the court is of the opinion that an argument can be made that the petition is barred as a successive petition filed without the leave of the Court of Appeals, it is indisputable that no cognizable claim is presented under section 2255.

Even though Erickson stresses that "[t]he Movant is not challenging the prison conditions,"[13] any fair reading of her petition reveals no challenge to the legality of her conviction but rather a plethora of claims relating to the conditions and execution of her sentence. In United States v. Dao, the District of Minnesota arrived at the same conclusion in denying a § 2255 motion brought by a female inmate in the same prison as Erickson and challenging the same policy.[14] Because Erickson does not challenge the legality of her

---

[10] Id. at 2.
[11] Id. at 1.
[12] Id. (citing In re Cain, 137 F.3d 234, 235–37 (5th Cir. 1998); Singleton v. Norris, 319 F.3d 1018 (8thCir. 2002)).
[13] Id. at 2.
[14] United States v. Dao, No. 09-48 (JNE) (1), 2017 U.S. Dist. LEXIS 123234 (D. Minn. Aug. 2, 2017).

3

conviction, she cannot bring her claim under section 2255.[15]

While Erickson could plausibly challenge the execution and conditions of her sentence in a petition under 28 U.S.C. § 2241(a), such a challenge would be outside the court's jurisdiction because the court is without jurisdiction over Erickson's present custodian.[16] At the time of her petition, Erickson was serving her sentence at Federal Medical Center, Carswell in Fort Worth, Texas, which is in the Northern District of Texas.

## DECISION

For the foregoing reasons, Erickson's Motion to Vacate under 28 U.S.C. § 2255 is **DENIED** and the action is **DISMISSED without prejudice**. Because "the files and records of the case conclusively show that [Erickson] is entitled to no relief," no hearing is needed on the petition.[17]

## CERTIFICATE OF APPEALABILITY DENIED

The court certifies that an appeal from the dismissal of this action may not be taken *in forma pauperis* because such an appeal would be frivolous and cannot be taken in good faith.[18] The court further finds that Erickson has failed to make a substantial showing of the denial of a constitutional right and the issues presented in this case are inadequate to deserve further consideration.[19] Therefore, the court will not issue a certificate of appealability.

---

[15] See Nichols v. Symmes, 553 F.3d 647, 649 (8th Cir. 2009); Bell v. United States, 48 F.3d 1042, 1043 (8th Cir. 1995); United States v. Hutchings, 835 F.2d 185, 186 (8th Cir. 1987); Voytik v. United States, 778 F.2d 1306, 1310 (8th Cir. 1985). See also United States v. Janis, 599 F.2d 266, 267 (8th Cir. 1979) (holding that the movant's claim under section 2255 was not cognizable where he asked to withdraw his guilty plea because his prison conditions were different from those promised in his plea agreement).

[16] Bell, 48 F.3d at 1044 (citing Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494–95 (1973); Thompson v. Missouri Bd. Of Parole, 929 F.2d 396, 398 (8th Cir. 1991)).

[17] 28 U.S.C. § 2255(b).

[18] See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

[19] See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

If Erickson desires further review of her Motion to Vacate under 28 U.S.C. § 2255, she may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals.[20]

**IT IS SO ORDERED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 4th day of October, 2017.

/s/ *Ralph R. Erickson*
Ralph R. Erickson, District Judge
United States District Court

---

[20] Tiedeman v. Benson, 122 F.3d 518, 520–22 (8th Cir. 1997).